SCHIFFMAN et al. v. FINE et al.

(Supreme Court, Appellate Term. June 30, 1908.)

APPEAL AND ERROR—REVIEW—GROUNDS OF DECISION OF LOWER COURT.

Where the verdict indicates that the finding of the jury was based on an issue clearly presented by defendants' answer and supported by the evidence, an order of the trial court setting aside the verdict will be reversed on appeal, where it appears that the order was made under a misapprehension of the issues considered by the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3402–3434.]

Appeal from City Court of New York, Trial Term.

Action by Sam Schiffman and another against Reuben Fine and another. From an order granting plaintiffs' motion to set aside a verdict in favor of defendants, defendants appeal. Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Gainsburg & Solomon, for appellants.
Henry Kuntz, for respondents.

MacLEAN, J. Articles of agreement, to be in effect from January 7, 1907, to January 1, 1908, were signed between the plaintiffs, professed pressers, and the defendants, manufacturers, wherein the defendants agreed to pay 10 cents for each and every garment pressed by the plaintiffs, who agreed "to do their work satisfactory to the parties of the first part," and who deposited as guaranty for their faithful performance $75, to "be considered forfeited and as liquidated damages," should the plaintiffs violate any of the covenants. On July 29th the defendants discharged the plaintiffs, whose action is for (1), what they would have earned, less what they actually earned elsewhere, had they pressed all the garments manufactured by the defendants; (2) the amount unpaid for pressing garments in the week ending July 21st, $44.02; and (3) for return of the deposit, $75.

Several separate defenses were pleaded: (1) That the old agreement was terminated by mutual consent; (2) that in a substituted agreement the rate was 12 cents a garment, and that the plaintiffs were discharg-

ed for not properly performing their work, which had to be repressed at a cost of $33.12; and (3) that the defendants had tendered the plaintiffs $94.14, being $52.36 for the amount unpaid when they ceased work, and $41.88, the difference between the deposit and $33.12, the cost of repressing the garments mentioned above.

Not an exception was taken during the trial, save to the denial by the court of the motion to dismiss when the plaintiffs rested and at the closing of the case. The verdict coming in for $127.26, the plaintiffs moved to set it aside as against the evidence and against the· weight of evidence, asking permission to submit a memorandum, but the court, not waiting for that, said:

"The verdict is set aside. It is clearly against the evidence in this case."

From an order entered thereon comes this appeal.

The respondents seek to sustain this order on several grounds, chiefly that the· defendants failed to prove facts sufficient to show an abrogation of the old yearly contract and its discharge by a new agreement of employment at the rate of higher compensation, and that the court charged that the defendants had a right to discharge the plaintiffs for insufficiency of the work performed by them, which was improper, in that the defense of justifiable discharge under the yearly agreement was not pleaded. Perusal of the record shows that both the court and the plaintiffs regarded the proof of a new agreement, which should take the place of the old, as the turning point of the trial; for when, after the conclusion of the main charge, the learned justice was requested to charge that if the jury finds, whether or not there was a new agreement, that there was cause for their discharge—that is, that if by reason of the inefficiency of the work they had a right to discharge the plaintiffs, written agreement or no written agreement—there came the colloquy:

"The Court: Do you plead that?
"Defendants' Counsel: Yes, I plead that."

The court then so charged. The verdict, however, indicates with some distinctness that the finding of the jury was upon the issue, not made much of by the plaintiffs' counsel and overlooked by the court, but distinctly tendered in the answer, that the defendants discharged the plaintiffs from their employment by reason of the fact that they failed to properly perform their work, to support which ample evidence was given by the defendants, their employés, and their customers; for the sum found, $127.26, is made up of the amount admitted by the defendants as unpaid, added to the sum deposited as guaranty, $75. The order appealed from should be reversed, and judgment should be entered upon the verdict in favor of the plaintiffs.

Order reversed, with costs to appellants, and judgment to be entered upon the verdict in favor of the plaintiffs. All concur.